CLERK

Legal Mail
Received

OCT 14 2020

Dade C.I.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*(Write the District and Division, if any, of the
court in which the complaint is filed.)*

FILED BY _PG_ D.C.

OCT 20 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

**ALFONSO JENKINS,**
          Plaintiff,

*(write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

          -against-

**1. CENTURION OF FLORIDA, LLD,
MEDICAL PROVIDERS,
2. DR. F. PAPILLON, CHIEF HEALTH
OFFICER,
3. DENA TATE, HEALTH SERVICES
ADMINISTRATOR,**
          **Defendants.**
_____/

*(write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional*

✓**Amended Complaint for
Violation of Civil Rights**
 (Prisoner Complaint)

 Case No.: 1:20-cv-22604-DPG
*(to be filled in by the Clerk's
Office)*

Jury Trial:   ☒ Yes   ☐ No
          *(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statement, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis.*

## I. The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    Alfonso Jenkins
ID Number               047210
Current Institution     Dade Correctional Institution
                        19000 S.W. 377th Street
                        Florida City, Florida  33034

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                    Centurion of Florida, LLC

Job or Title            Health Care Providers
(if known)

Shield Number           Unknown

Employer                Dade Correctional Institution

Address                 19000 S.W. 377th Street

                        Florida City, Florida  33034

☒  Individual Capacity      ☐  Official Capacity

Defendant No. 2

Name                    Dr. F. Papillon

Job or Title            Chief Health Officer
(if known)

Shield Number           Unknown

|            |                              |
|------------|------------------------------|
| Employer   | Dade Correctional Institution |
| Address    | 19000 S.W. 377th Street  |
|            | Florida City, Florida  33034  |

☒ Individual Capacity        ☐ Official Capacity

Defendant No. 3

|               |                              |
|---------------|------------------------------|
| Name          | Dena Tate                    |
| Job or Title  | Health Service Administrator |
| Shield Number | Unknown                      |
| Employer      | Dade Correctional Institution |
| Address       | 19000 S.W. 377th Street  |
|               | Florida City, Florida  33034  |

☒ Individual Capacity        ☐ Official Capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the  Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☒   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Deliberate Indifference to serious medical needs,
2. Intentional Infliction of Emotional Distress,
3. Cruel and Unusual Punishment.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do  you claim is/are being violated by federal officials?

No "Bivens".

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Facts/Claims at pagers

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☒　　　　Convicted and sentenced prisoner

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of other persons involved in the events giving rise to your claims. Do not cite any cases or statues. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.　If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Dade C.I. and outside medical providers. (See Complaint)

B.　If the events giving rise to your claim arose in an institution, describe where and when they arose.

Dade C.I. and outside medical providers. (See Complaint)

C.　What date and approximate time did the events giving rise to your claim(s) occur?

From 2-1-19 up until present date.

D.　What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*

(See Complaint)

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Loss of vision to point of blindness (fully) in each eye.  (See also Complaint).    Due to not

receiving the proper medication and follow-up treatment at Dade C.I. after outside doctors

prescribed both medications and treatment plans for Dade C.I. to follow.

## VI.    Relief

State briefly what you want the court to do for you.  Make no legal arguments.  Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Jury Trial, Nominal Damages, Compensatory Damages of $300 thousand dollars per

Defendant, Punitive Damages of $1 million dollars per Defendant (Jointly/Severally).

Court costs, Attorney's fees.  All other relief deemed just and proper for Plaintiff, who has

been left totally blind by actions/inactions of Defendants.

## VII.   Exhaustion of Administrative Remedies

The Prison litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison , or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your Claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒     Yes

☐     No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Dade Correctional Institution.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒    Yes

☐    No

☐    Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒    Yes

☐    No

☐    Do not know

If yes, which claim(s)?

All.  (See Complaint).

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒    Yes

☐    No

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐     Yes

☒     No

If so, state which court dismissed your case, when this occurred, and attached a copy of the order if      possible.

     None Recollected.

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒     Yes

☐     No

B.     If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.   *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

      1.     Parties to the previous lawsuit

           Plaintiff(s)   Alfonso Jenkins,

           Defendant(s)   Mark Inch, Mario Corrales, Centurion LLC, Dr. Papillon, Dena Tate.

      2.     Court *(if federal court, name the district; if state court, name the county and State)*

           (Same)

      3.     Docket or index number

           (Same)

      4.     Name of Judge assigned to your case

           Judge Reid.

      5.     Approximate date of filing lawsuit

6.      Is the case still pending?

☐      Yes

☒      No

If no, give the approximate date of disposition.  Told to "Amend" with this lawsuit.

7.      What was the result of the case?  *(For example:  Was the case dismissed? Was judgment entered in your favor?  Was the case appealed?)*

Told to Amend with <u>this</u> lawsuit.

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒      Yes  A. 1:20-cv-28528 & B. 8:15-cv-555.  No recollection/unsure of any other.

☐      No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.
*(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.      Parties to the previous lawsuit

Plaintiff(s)  Alfonso Jenkins,

Defendant(s)

I can't recall.

2.      Court *(if federal court, name the district; if state court, name the county and State)*

I can't recall.

3.      Docket or index number

I can't recall.

4.      Name of Judge assigned to your case

I can't recall.

5.   Approximate date of filing lawsuit

   A. in 2020.  &  B. in 2015.

6.   Is the case still pending?

   ☐   Yes

   ☒   No

   If no, give the approximate date of disposition.  I can't recall.

7.   What was the result of the case?  *(For example:  Was the case dismissed?*
   *Was judgment entered in your favor?  Was the case appealed?)*

   "A." was dismissed to file this one, I believe.  "B." I can't recall.

   No appeal was done.

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and(4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __14th__ day of October, 2020.

Signature of Plaintiff _____

Printed Name of Plaintiff Alfonso Jenkins

Prison Identification #047210

Prison Address  Dade Correctional Institution, 19000 S.W. 377th Street

   Miami,  Florida   33034-6409

   City    State    Zip Code

## STATEMENT OF THE CASE AND FACTS

1.      On December 14, 2017 the Plaintiff was transferred to Dade C.I. due to his disability status, "vision impaired."

2.      The Plaintiff suffers from primary Open Angle Glaucoma (POAG) including, (CACG).

3.      On February 1, 2019 the Plaintiff was transported to Bascom and Palmer Eye Institute for the purpose of (IOP) Intra Ocular Pressure Management.

4.      After the evaluation by the Glaucoma Specialist was conducted it was determined that the Plaintiffs (IOP) levels had elevated and special pressure reducing eye drops were prescribed as an addition to the Plaintiff's current treatment regimen.

5.      The Glaucoma specialist ordered that the Plaintiff continue his current eye drop Cosopt and immediately start Brimonidine and Latanoprost in order to preserve any further loss of vision and/or optic nerve damage caused by elevated (IOP) levels.

6.      In the order and evaluation the specialist made it very clear the importance of the patient/plaintiff receiving all three drops in his right eye, and to have an (IOP) check every two months.

7.      When the Plaintiff return to the institution he was not seen by a physician as required. Note: when an inmate returns from an outside specialist consult and there has been orders recommending, treatment and medications the inmate [must] be seen by a physician to discuss the course of the patient/plaintiff's evaluation, treatment and change in condition.

8.      However, the Plaintiff's file was just placed into a routine stack of files for later review and the Plaintiff was never seen to discuss his treatment by a physician.

9.      In fact, the Plaintiff's evaluation and treatment plan prescribed by the Glaucoma specialist on February 1, 2019 was never reviewed by the medical staff at the institution until

March 14, 2019 as indicated by Dr. F. Papillons own date stamp saying received and reviewed

on "March 14, 2019." Note: <u>This was approximately (45) days after the Plaintiff received the</u>

<u>prescribed treatment plan by the Glaucoma specialist.</u>

10.  The medial provider Centurion of Florida's and/or its agents or employee's have an

ethical responsibility to treat an inmate's serious medical condition in a timely manner as

prescribed and recommended by the outside specialist.

11.  Even after the Chief Health Officer Dr. F. Papillion was made aware by his own

review of the Plaintiff's evaluation and prescribed treatment plan doctor Papillon still failed to

insure that Plaintiff was prescribed and received the medication needed to prevent any further

damage and/or loss of vision. Note: <u>Such conduct amounts to deliberate indifference.</u>

12.  On March 18, 2019 the Plaintiff submitted a formal grievance to the Warden Mario

Corrales explaining in detail that he had not received the medication prescribed and ordered by

the Glaucoma specialist at Bascom and Palmer Eye Institute on February 1, 2019.

13.   Plaintiff explained in detail that his vision was rapidly decreasing and was

experiencing extreme pain and discomfort. <u>See Grievance Log Number 1903-463-069.</u>

14.  The above mentioned grievance was denied on March 29, 2019 by both (CHO) Dr.

F. Papillon and Warden Mario Corrales. Note: <u>Plaintiff advised  Defendant Dr. F. Papillon, and,</u>

<u>Warden  Corrales,  that  he  was  being  subjected  to  irreversible  damage  due  to  the  unnecessary</u>

<u>delay in dispensing Mr. Jenkins Glaucoma medication in a timely manner as his serious medical</u>

<u>condition required</u>

15.  On April 2, 2019 the Plaintiff was transported back to Bascom and Palmer for

follow-up.

16.  After the evaluation was complete it was determined that the Plaintiff's (IOP) had elevated again due to the institutions medical providers failure to dispenses Plaintiff's Glaucoma medication.

17.  The Glaucoma specialist Dr. Jonathan Russell made a second attempt to advise the institutions medical department how important it was for the Plaintiff to receive all three eye drops and his pills. Note: <u>These notes were even in bold print on the evaluation and treatment plan reviewed by the staff and medical department</u>.

18.  Once again the Plaintiff returned to the institution and was not seen by a physician to discuss the [fact] that he was not  receiving the medication prescribed by the Glaucoma specialist. Note<u>: Again the Plaintiff's medical file was just placed on a routine stack to be reviewed at a later date</u>.

19.  By now the Plaintiff's vision had decreased to the point where he was completely unable to travel nor read or write without assistance. Note: <u>These symptoms were caused by the Defendant's unnecessary delay in dispensing the Plaintiff's Glaucoma medication as prescribed by the specialist</u>.

20.   On April 10, 2019 the Plaintiff with the assistance of another inmate timely submitted an appeal to the secretary for the Florida Department of Corrections explaining in detail the medical providers Centurion and /or there agents or employee's along with the participation of security have refused and/or failed to follow and carry out the outside Glaucoma specialist prescribed treatment plan.

21.   On May 1, 2019 the authorized respondents for the Secretary's Office returned the Plaintiff's grievance alleging it was filed untimely.  See Grievance Log # 19-6-15039. Note: <u>This</u>

was [in fact] an erroneous and frivolous attempt to deny the Plaintiff a just and meritorious response.

22.  On/or about May 3, 2019 the Plaintiff submitted a formal complaint to both the secretary's office for the (F.D.O.C.) and the Florida Commission of Government Accountability. Note: Both agencies failed to respond.

23.  At this point the Plaintiff had alerted every Defendant named in this instant civil complaint and with great detail made them aware of his debilitating medical condition, "and all was to no avail."

24.  As such the Defendant's deprived Plaintiff of a Federal right while acting under the color of state law where  the Defendants were informed both by grievances filed by the Plaintiff and his verbal attempt's to receive prescribed treatment.

25.  The Plaintiff's grievance explained in detail his debilitating condition thus giving subjective knowledge of a risk of harm to all of the Defendants named above, yet all showed deliberate indifference by disregarding that risk when they could have corrected those argued issues in Plaintiffs grievance.  This was and remains a serious medical need.

26.  On/or about August 14, 2018 the Plaintiff became extremely sick and was in great pain and discomfort, experiencing stomach pain and vomiting.

27.  An ambulance was called to the prison and the Plaintiff was taken to the emergency room at Homestead General Hospital.

28.  The Plaintiff was seen evaluated and diagnosed with "acute pancreatitis" by a Board certified medical doctor who prescribed multiple medications and recommended treatment.

29.   The Doctor in the E.R. personally explained to the Plaintiff the seriousness of his condition and advised him to follow all recommended treatment.

30.   Once the Doctor had stabilized the Plaintiff condition and wrote prescribed orders for treatment he was transported back to the institution.

31.   When the Plaintiff returned to the institution he was placed in the infirmary, and the following morning on 8-15-19 was discharged from the infirmary and placed back into open population while still experiencing the same symptoms.

32.   On August 22, 2019 the Plaintiff was seen by Dr. Peno for follow-up ordered by Dr. Papillion, (CHO) on 8-15-19. See Clinicians order sheet in Plaintiff's medical files.

33.   The Plaintiff has never received any treatment nor medication for his pre-diagnosed serious medical condition. Re Acute Pancreatitis. Note: For approximately (6) months now the Plaintiff has been subjected to severe stomach pain, nausea, vomiting and discomfort.

34.   The Plaintiff has accessed sick-call on several occasions complaining of the unbearable pain and discomfort, and his inability to properly consume food without vomiting. "All to no avail."

35.   The Plaintiff submitted several request and grievances in an effort to obtain the medical records that were created by Homestead General Hospital.

36.   For several weeks the institutions medical provider Centurion refused the Plaintiff access to his personal record set pursuant to Chapter 33-401.701 (3)(A) F.A.C.  It is well known that Centurion has policy/custom/practice of not providing proper services unless it is life-threatening.  Otherwise, their policy is for doctors/nurses to expend minimum time/money.

10-D

37.  On 9-4-19 the Plaintiff filed a grievance to the Health Service Administrator, "Dena Tate" to inquire why he was not receiving treatment for his Pancreas. On 9-12-19 the grievance was denied. Grievance Log #43-1909-0019.

38.  On 9-21-19 the Plaintiff filed another grievance to Dena Tate, explaining in detail that the doctors under her supervision were not carrying out the specialist orders for treatment, and again the grievance was denied. See Grievance Log # 463-1909-0153.

39.  On 12-17-19 the Plaintiff submitted a formal grievance to the Warden, Mr. Colon explaining in detail the pain and suffering  due to the medical providers failure to treat his Pancreatic condition. This grievance was reviewed by both the Chief Health Officer, Dr. Papillon and assistant Warden Mario Corrales and again the grievance was denied. See Grievance Log # 1912-463-166, 12-20-19.

40.  On 1-1-20 Plaintiff filed an appeal to the secretary of the (F.D.O.C.) explaining that the medical providers were delaying and/or outright refusing to treat his serious medical needs. This grievance was denied on 1-23-20. See Grievance Log # 20-6-01175.

41.  On/or about March of 2020 the Plaintiff filed a records request pursuant to chapter 766.204 (1)(2) and (3) to Homestead General Hospital to obtain a true and correct copy of the treating physicians evaluation, diagnosis and treatment  recommendations from his emergency room visit on 8-14-19. Plaintiff has never received a response from the Hospital.

42.  At this point the Plaintiff has alerted every Defendant named in this instant civil complaint and with great detail made each one aware of his serious medical need, "and again to no avail."

10-E

43.   As such the Defendants deprived Plaintiff of a Federal right while acting under the color of state law where the Defendants were informed both by grievances filed by the Plaintiff as well as his verbal attempts to receive proper and adequate treatment as prescribed by specialist.

44.   The Plaintiff explained in detail his debilitating condition, constant pain, and discomfort "thus" giving all Defendants subjective knowledge of a risk for harm, yet all Defendants named above showed deliberate indifference by disregarding that risk when they could have corrected those argued issues in Plaintiff's grievances.   45.   It has become a common practice here at Dade C.I. for both Security and their medical provider, Centurion to ignore and/or delay adhering to or carrying out specialist orders and recommendations for treating serious medical needs.

46.   As a direct and proximate result of the above mentioned Defendants deliberate indifference towards Plaintiffs serious needs, the inadequate treatment and/or "<u>unnecessary delay</u> "in the treatment of Plaintiffs severe Glaucoma and Pancreatitis, Mr. Jenkins has suffered further irreversible damage to his optic nerves which caused significant loss of  vision and months of severe pain and discomfort without any resolve.

47.   Documented medical records will in-fact substantiate that the Plaintiff Mr. Jenkins went a period of (5 ½) and (8 ½) months without any of his prescribed treatment and medications that were ordered and prescribed by both certified Glaucoma specialist and Board certified physician which would have prevented any further damage and alleviated any further unnecessary pain, suffering and discomfort.

### IN CONCLUSION

10-F

48.  Both Centurion of Florida and/or their agents and employees, and Defendants Dr. Papiollon and Dena Tate have participated in the Plaintiffs medical treatment have shown deliberate indifference towards Plaintiff's pre-diagnosed serious medical needs, thus violating Plaintiffs Eight and Fourteenth Amendments to the United States Constitution.

## CAUSE OF ACTION

## COUNT I – 42 U.S.C. §1983 CLAIM AGAINST CENTURION OF FLORIDA

1)  Plaintiff Mr. Jenkins hereby incorporates by reference the allegations contained in paragraphs  through 48] above; as if set forth in FULL HEREIN.

2)  Count I is brought against Defendant Centurion pursuant to 42 U.S.C. Section 1983 for deliberate indifference to the critical medical needs of Plaintiff, as an individual with a severe Open Angle Glaucoma medical condition and Pancreatic condition that required the previously prescribed treatment to prevent any further substantial health deterioration, pain, discomfort, loss of vision, and/or irreversible damage.

3)  Centurion and/or it agents or employee's knew on February 1, 2019 that Plaintiff's intra ocular pressure (IOP) levels were elevated and that the specialist who evaluated his condition ordered and prescribed the special Glaucoma eye drops to prevent any further loss of vision.

4)  Centurion and/or it agents or employees, knew on August 14, 2019 that Plaintiff's acute Pancreatic condition was also evaluated by a specialist whom also recommended prescribed treatment and medication to treat his serious medical condition.

5)  Despite knowledge of Plaintiff's serious medical needs, Centurion and/or its agents or employee's were deliberately indifferent to those serious needs in failing to provide the

10-G

necessary medication care and treatment to Plaintiff in a timely manner as previously prescribed by both Glaucoma specialist and physician.

6)   Centurion and/or its agents or employee's knew that taking no action and/or insufficient action could result in the rapid and permanent deterioration of Plaintiff's health.  But, Plaintiff has 7 witnesses who will testify that Centurion intentionally instructs its doctors/nurses/medical providers to provide the "Aspirin Cure"; whereby Centurion will only dispense aspirin to prisoners and cheap eye drops as a pattern to save money, as Centurion is a private "for-profit" individual/entity.  These facts are anecdotal at this point, but, "discovery" will prove this by thousands of other prisoners Centurion does the "Aspirin Cure" to.

7)   Plaintiff alleges it was Centurion's widespread custom, policy, practice and/or procedure to outright deny medical treatment for or be deliberately indifferent to the serious and potentially expensive medical problems.

8)  As a direct and proximate result of Centurions delay and/or denial of medical treatment and/or deliberate indifference towards Plaintiff's serious medical needs, the timely and inadequate treatment of both his Glaucoma and acute Pancreatitis Plaintiff has suffered significantly more damage to the optic nerves due to elevated (IOP) levels, pain, discomfort, mental anguish and a substantial loss of more vision in violation of Plaintiff's Eight and Fourteenth Amendment rights.

9)  As a result Plaintiff suffered damages in an amount to be determined at trial for this injury resulting pain, suffering, mental anguish, loss of vision, loss of capacity for the enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries.   Such

also constitutes Cruel/Unusual Punishment, in violation of the 8th Amendment to the U.S. Constitution.

<strong><u>COUNT II – 42 U.S.C. §1983 CLAIM AGAINST DR. F. PAPILLON</u></strong>

1)  Plaintiff Mr. Jenkins hereby incorporates by reference the allegations contained in paragraphs [1 through 48] above; as if set forth in FULL HEREIN.

2)  At all time relevant, Dr. F. Papillon was the Chief Health Officer (CHO) employed by Centurion of Florida, LLC at Dade Correctional Institution, and his official position is to ensure that the doctors and nurses under his supervision properly perform their duties.

3)  Plaintiff charges that Dr. Papillon, contrary to the Eight and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to ensure that his staff and/or his self provided Plaintiff with the necessary and recommended care treatment and medication in a timely manner even after "<u>Being advised</u>" that the Plaintiff was not receiving the treatment recommended to prevent any further damage and/or injury. Dr. Papillon had an ethical and professional responsibility to ensure that the Plaintiff received the proper care and treatment, pursuant to policies of Centurion to deny medical care for purely economic reasons. "Specifically," by failing to insure that Plaintiff received all his medications in a timely manner as ordered by the outside specialist.

4)  This failure to take action by Dr. Papillon was an exercise of deliberate indifference to the health, safety, welfare, and Constitutional Rights of Plaintiff under color of state law. Dr. F. Papillon, with full knowledge of the unconstitutional nature of his actions, agreed to and did exercise deliberate indifference to the safety and health of Plaintiff which eventually resulted

10-I

in further irreversible damage, pain and suffering, through the course of neglect from February 1, 2019 onward up to present time.

### COUNT III - 42 U.S.C. §1983 CLAIM AGAINST MS. DENA TATE

1)  Plaintiff Mr. Jenkins hereby incorporates by reference the allegations contained in paragraphs [1 through 48] above; as if set forth in FULL HEREIN.

2)  At all times relevant, Ms. Dena Tate was the Health Service Administrator (HSA) employed by Centurion of Florida LLC at Dade C.I. and her position was to oversee the entire medical department as a whole.

3)  Plaintiff charges that Dena Tate contrary to the Eight and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to ensure that the medical personnel carried out the recommended care treatment prescribed by the outside specialist, even after being advised of the Plaintiff's medical condition through multiple grievances as stated above.

4)  This failure to take action by Dena Tate was an exercise of deliberate indifference to the health, safety, welfare, and Constitutional Rights of Plaintiff under color of state law and is also Cruel and Unusual Punishment, in violation of the 8th Amendment to the U.S. Constitution.

5)  Ms. Dena Tate, with full knowledge of the unconstitutional nature of her actions, agreed to and did exercise deliberate indifference to the safety and health of Plaintiff which eventually resulted in pain, suffering, injury and damage to the Plaintiff's optic nerves through the course of neglect from February 1, 2019 through present, and one a continuing basis, worsening, and, rendering Plaintiff "legally blind".

Respectfully submitted,

10-J

__10-14-20__
Dated

/s/ _Alfonso Jenkins_____

Alfonso Jenkins, #047210

## **VERIFICATION/OATH**

I, Alfonso Jenkins affirm under penalty of perjury that the foregoing document is true and correct.  Per 28 U.S.C, 1746(2), and I have read it in full.

Respectfully submitted,

__10-14-20__          /s/ *Alfonso Jenkins*
Dated

Alfonso Jenkins, #047210
Dade Correctional Institution
19000 S.W. 377th Street
Florida City, Florida  33034

12

ALFONSO JENKINS #C14215

DADE CORRECTIONAL INSTITUTION

19000 S.W. 377th STREET

FLORIDA CITY, FLORIDA 33034

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
FLORIDA CITY

Hasler
10/14/20
US PO





Legal Mail
Received

OCT 14 2020

Dade C.I.

CLERK OF COURT

S.D. MIAMI - DIVISION

400 N. MIAMI AVENUE

MIAMI, FLORIDA